IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SYMANTEC CORP.,<br><br>　　　　　Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Intellectual Ventures I LLC ("Intellectual Ventures I"), by its undersigned attorneys, for its complaint against defendant Symantec Corporation, hereby alleges as follows:

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

2. Intellectual Ventures I is a corporation organized and existing under the laws of Delaware, with a principal place of business located in Bellevue, Washington.

3. Defendant Symantec Corporation ("Symantec") is a corporation organized and existing under the laws of Delaware, with a principal place of business in Mountain View, California. Symantec transacts substantial business, either directly or through its agents, on an ongoing basis in this judicial district and elsewhere in the United States.

4. Unless specifically stated otherwise, the acts complained of herein were committed by, on behalf of, and/or for the benefit of Symantec.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Symantec because Symantec is incorporated in the State of Delaware.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 5,537,533**

8. On July 16, 1996, United States Patent No. 5,537,533 ("the '533 patent") was duly and legally issued for an invention entitled "System and method for remote mirroring of digital data from a primary network server to a remote network server." Intellectual Ventures I is the owner of the '533 patent and holds all rights and interests in the '533 patent. A true and correct copy of the '533 patent is attached hereto as Exhibit A.

9. Symantec has infringed and continues to infringe one or more claims of the '533 patent by its manufacture, use, sale, importation, and/or offer for sale of certain storage software products, including but not limited to Symantec's Replicator and Veritas Volume Replicator products. Symantec is liable for its infringement of the '533 patent pursuant to 35 U.S.C. § 271.

10. Symantec actively, knowingly, and intentionally has induced, and continues to actively, knowingly, and intentionally induce, infringement of the '533 patent by making, using, offering for sale, importing, and selling certain storage software products, including but not limited to Symantec's Replicator and Veritas Volume Replicator products, as well as by contracting with others to use, market, sell, offer to sell, and import such products, all with knowledge of the '533 patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import such products; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of such products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

11. Symantec also has contributed to the infringement by others, including the end users of certain storage software products, including but not limited to Symantec's Replicator and Veritas Volume Replicator products, and continues to contribute to infringement by others, by selling, offering to sell, and importing such products into the United States, knowing that those products constitute a material part of the inventions of the '533 patent, knowing those products to be especially made or adapted to infringe the '533 patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

12. Symantec has had knowledge of and notice of the '533 patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continues to commit the aforementioned infringing acts. In addition, Symantec has had knowledge of the '533 patent at least since December 3, 2009, when Symantec referenced the '533 patent in an information disclosure statement during the prosecution of Symantec's U.S. Patent No. 7,664,983, App. No. 11/215,958.

13. Symantec's acts of infringement have caused damage to Intellectual Ventures I, and Intellectual Ventures I is entitled to recover from Symantec the damages it has sustained as a result of Symantec's wrongful acts in an amount subject to proof at trial. Symantec's infringement of Intellectual Ventures I's exclusive rights under the '533 patent will continue to damage Intellectual Ventures I, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

14. Upon information and belief, Symantec's infringement of the '533 patent is willful and deliberate, entitling Intellectual Ventures I to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

Some of Symantec's own patents, such as U.S. Patent Nos. 6,144,992 and 7,664,983, indicate Symantec had actual knowledge of the '533 patent before this suit was filed. Nevertheless, Symantec has infringed and continues to infringe the '533 patent despite an objectively high likelihood that its actions constitute infringement.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,598,131

15. On July 22, 2003, United States Patent No. 6,598,131 ("the '131 patent") was duly and legally issued for an invention entitled "Data image management via emulation of non-volatile storage device." Intellectual Ventures I is the owner of the '131 patent and holds all rights and interests in the '131 patent. A true and correct copy of the '131 patent is attached hereto as Exhibit B.

16. Symantec has infringed and continues to infringe one or more claims of the '131 patent by its manufacture, use, sale, importation, and/or offer for sale of certain storage software products, including but not limited to Symantec's Replicator and Veritas Volume Replicator products. Symantec is liable for its infringement of the '131 patent pursuant to 35 U.S.C. § 271.

17. Symantec actively, knowingly, and intentionally has induced, and continues to actively, knowingly, and intentionally induce, infringement of the '131 patent by making, using, offering for sale, importing, and selling certain storage software products, including but not limited to Symantec's Replicator and Veritas Volume Replicator products, as well as by contracting with others to use, market, sell, offer to sell, and import such products, all with knowledge of the '131 patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import such products; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of such products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

18. Symantec also has contributed to the infringement by others, including the end users of certain storage software products, including but not limited to Symantec's Replicator and Veritas Volume Replicator products, and continues to contribute to infringement by others, by selling, offering to sell, and importing such products into the United States, knowing that those products constitute a material part of the inventions of the '131 patent, knowing those products to be especially made or adapted to infringe the '131 patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

19. Symantec has had knowledge of and notice of the '131 patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continues to commit the aforementioned infringing acts.  In addition, Symantec has had knowledge of the '131 patent at least since September 30, 2005, when Symantec first referenced the '131 patent in an information disclosure statement during the prosecution of Symantec's U.S. Patent No. 7,673,130, App. No. 11/239,922; May 15, 2007, when Symantec first referenced the '131 patent in an information disclosure statement during the prosecution of Symantec's U.S. Patent No. 7,702,892, App. No. 11/243,129; and March 6, 2008, when Symantec first referenced the '131 patent in an information disclosure statement during the prosecution of Symantec's U.S. Patent No. 7,496,920, App. No. 11/767,666.

20. Symantec's acts of infringement have caused damage to Intellectual Ventures I, and Intellectual Ventures I is entitled to recover from Symantec the damages it has sustained as a result of Symantec's wrongful acts in an amount subject to proof at trial.  Symantec's infringement of Intellectual Ventures I's exclusive rights under the '131 patent will continue to

damage Intellectual Ventures I, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

21. Upon information and belief, Symantec's infringement of the '131 patent is willful and deliberate, entitling Intellectual Ventures I to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285. Many of Symantec's own patents, such as U.S. Patent Nos. 6,986,033, 7,058,797, 7,069,428, 7,222,229, 7,496,920, 7,506,151, 7,577,806, 7,577,807, 7,584,337, 7,631,120, 7,673,130, 7,702,892, 7,725,667, 7,725,760, 7,730,222, 7,792,125, 7,827,362, 7,836,292, 7,895,424, 7,904,428, 7,991,748, 8,037,289, 8,051,028, and 8,095,488, indicate Symantec had actual knowledge of the '131 patent before this suit was filed. Nevertheless, Symantec has infringed and continues to infringe the '131 patent despite an objectively high likelihood that its actions constitute infringement.

### COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,732,359

22. On May 4, 2004, United States Patent No. 6,732,359 ("the '359 patent") was duly and legally issued for an invention entitled "Application process monitor." Intellectual Ventures I is the owner of the '359 patent and holds all rights and interests in the '359 patent. A true and correct copy of the '359 patent is attached hereto as Exhibit C.

23. Symantec has infringed and continues to infringe one or more claims of the '359 patent by its manufacture, use, sale, importation, and/or offer for sale of certain availability and clustering software products, including but not limited to Symantec's ApplicationHA products. Symantec is liable for its infringement of the '359 patent pursuant to 35 U.S.C. § 271.

24. Symantec actively, knowingly, and intentionally has induced, and continues to actively, knowingly, and intentionally induce, infringement of the '359 patent by making, using, offering for sale, importing, and selling certain availability and clustering software products,

including but not limited to Symantec's ApplicationHA products, as well as by contracting with others to use, market, sell, offer to sell, and import such products, all with knowledge of the '359 patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import such products; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of such products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

25. Symantec also has contributed to the infringement by others, including the end users of certain availability and clustering software products, including but not limited to Symantec's ApplicationHA products, and continues to contribute to infringement by others, by selling, offering to sell, and importing such products into the United States, knowing that those products constitute a material part of the inventions of the '359 patent, knowing those products to be especially made or adapted to infringe the '359 patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

26. Symantec has had knowledge of and notice of the '359 patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continues to commit the aforementioned infringing acts.

27. Symantec's acts of infringement have caused damage to Intellectual Ventures I, and Intellectual Ventures I is entitled to recover from Symantec the damages it has sustained as a result of Symantec's wrongful acts in an amount subject to proof at trial. Symantec's infringement of Intellectual Ventures I's exclusive rights under the '359 patent will continue to damage Intellectual Ventures I, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

28. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Intellectual Ventures I respectfully requests a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Intellectual Ventures I requests entry of judgment in its favor and against Symantec as follows:

a. Declaring that Symantec has infringed U.S. Patent Nos. 5,537,533, 6,598,131, and 6,732,359;

b. Awarding the damages arising out of Symantec's infringement of U.S. Patent Nos. 5,537,533, 6,598,131, and 6,732,359, including enhanced damages pursuant to 35 U.S.C. § 284, to Intellectual Ventures I, together with prejudgment and post-judgment interest, in an amount according to proof;

c. Permanently enjoining Symantec and its officers, agents, employees, and those acting in privity with it, from further infringement, including contributory infringement and/or inducing infringement, of U.S. Patent Nos. 5,537,533, 6,598,131, and 6,732,359;

d. Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

e. Awarding such other costs and further relief as the Court may deem just and proper.

DATED: March 18, 2013

Respectfully submitted,

FARNAN LLP

By: /s/ Brian E. Farnan
Joseph J. Farnan III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801

Telephone:  (302) 777-0300
Facsimile:  (302) 777-0301
bfarnan@farnanlaw.com

**ATTORNEYS FOR PLAINTIFF
INTELLECTUAL VENTURES I LLC**

<u>OF COUNSEL</u>:

Parker C. Folse III (WA State Bar No. 24895)
Brooke A.M. Taylor (WA State Bar No. 33190)
Daniel J. Shih (WA State Bar No. 37999)
Jordan Talge (WA State Bar No. 45612)
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
pfolse@susmangodfrey.com
btaylor@susmangodfrey.com
dshih@susmangodfrey.com
jtalge@susmangodfrey.com