IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INTELLECTUAL VENTURES I LLC and )
INTELLECTUAL VENTURES II LLC, )
)
        Plaintiffs, )
)
        v. )  C.A. No. 13-440 (LPS)
)
SYMANTEC CORP., )
)
        Defendant. )

## **SYMANTEC'S NOTICE OF SUBPOENA OF NOVELL, INC.**

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 45 of the Federal Rules of

Civil Procedure, Defendant Symantec Corp. will subpoena Novell, Inc. for the production of

documents, electronically stored information, and tangible things (Exhibit 1).  The requested

documents and things must be produced on or before February 23, 2015, at 9:00 a.m. to Latham

& Watkins LLP, c/o Sean B. Fernandes, 885 Third Avenue, New York, NY 10022-4834, or at

some other time and place as may be mutually agreed upon in writing by counsel for the parties.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____

Jack B. Blumenfeld (#1014)
Thomas C. Grimm (#1098)
Karen Jacobs (#2881)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
tgrimm@mnat.com
kjacobs@mnat.com
mflynn@mnat.com

*Attorneys for Defendant Symantec Corporation*

OF COUNSEL:

Dean G. Dunlavey
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
(714) 755-8260

Andrew J. Fossum
LATHAM & WATKINS LLP
717 Texas Avenue, 16th Floor
Houston, TX 77002
(713) 546-7449

Kathy Yu
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, CA 90071-1560
(213) 485-1234

Sean B. Fernandes
Jeffrey G. Homrig
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600

David F. Kowalski
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
(202) 637-2200

Yury Kapgan
Suong Nguyen
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

February 2, 2015
8849289.1

# EXHIBIT 1

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Delaware

| | |
|---|---|
| Intellectual Ventures I LLC, et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  13-440 (LPS) |
| Symantec Corporation, | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                          Novell, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Attachment A

| Place: Latham & Watkins LLP, c/o Sean B. Fernandes<br>885 Third Avenue<br>New York, NY 10022-4834 | Date and Time:<br><br>February 23, 2015, 9:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  February 2, 2015

*CLERK OF COURT*

                                                             OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Symantec Corporation_____ , who issues or requests this subpoena, are:

Sean B. Fernandes, Latham & Watkins LLP, 140 Scott Drive, Menlo Park, CA 94025
sean.fernandes@lw.com, (650) 463-3062

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 13-440 (LPS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____        _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

 (2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 (2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 (3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 (2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1.      The terms "Novell," "You," "Your," and "Yourself" mean Novell, Inc. and all its predecessors or successors (merged, acquired, or otherwise), parents, divisions, subsidiaries, and affiliates thereof, and all officers, agents, employees, counsel and other People acting on its behalf, or any other Person or entity subject to Novell, Inc.'s control, or that controls Novell, Inc.

2.      The terms "Document" and "Documents" have the broadest meaning ascribed to them by FEDERAL RULE OF CIVIL PROCEDURE 34 and FEDERAL RULE OF EVIDENCE 1001.  The terms include within their meaning, by way of example and not limitation, any and all DVDs, manuals, e-mail, films, floppy disks, hard disks, inter-office memoranda, letters, licenses, logs, memoranda, minutes, notes, notes of conversations, notes of meetings, notes of telephone calls, office communications, photographs, printouts, recordings of conversations (whether written or electronic), reports, schedules, storage tape, tangible items, videotapes or other video recordings, and any differing versions of the foregoing whether denominated formal, informal or otherwise, as well as copies of the foregoing which differ from the original in any way, including handwritten notations or other written or printed matter.  The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such Documents are presently in documentary form or not.  A draft or non-identical copy of a Document is a separate Document within the meaning of this term.

3.      The terms "Communication" and "Communications" mean, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand, question or other information by any medium, whether by

written, oral or other means, including but not limited to electronic communications and electronic mail between persons and entities.

4.      The terms "Product" or "Products" shall mean any product, apparatus, system, software, computer code or service.

5.      The terms "Person" and "People" refers to any natural individual, organization, partnership, business, trust, corporation, proprietorship , association, joint venture, company, or other business or legal entity, including governmental bodies and agencies.

6.      "Identify" when used in reference to a Document means to state the date, title, if any, subject matter, each author, each addressee or recipient if practicable, and otherwise a general description of the People to whom the writing was distributed, the production number, and the type of Document, i.e., publication, letter, memorandum, book, telegram, chart, etc., or some other means of identifying the Document, and its present location and custodian.

7.      The term "relating to," in addition to its usual and customary meaning, shall also mean alluding to, commenting upon, referring to, constituting part or all of, containing, comprising, concerning, describing, discussing, embodying, evidencing, regarding, summarizing, or otherwise pertinent to the matter or any aspect thereof.

8.      The term "Netware SFT-III" means all systems conceived of, developed, sold, or demonstrated by Novell relating to the functionality of its Netware SFT (System Fault Tolerant) III Product.

9.      The term "remote mirroring" means transmitting mirrored data to a remote location for storage.

10.    The terms "any," "all," "every," and "each" each mean and include the other as necessary to bring within the scope of this subpoena all responses that might otherwise be construed to be outside of its scope.

11.    The terms "and," "or," and "and/or" must be construed either disjunctively or conjunctively as necessary to bring within the scope of this subpoena all responses that might otherwise be construed to be outside of its scope.

12.    The use of a singular form of any word includes the plural and vice versa, as necessary to bring within the scope of this subpoena all responses that might otherwise be construed to be outside of its scope.

13.    The use of a verb in any tense should be construed as the use of the verb in all other tenses.

14.    The use of the masculine form of any word includes the feminine and neuter.

## **INSTRUCTIONS**

1.      In lieu of producing Documents to the address provided on the subpoena form, you may transmit your production via FedEx to Sean B. Fernandes, Latham & Watkins LLP, 140 Scott Drive, Menlo Park, CA 94025.  You may also contact Sean B. Fernandes at (650) 463-0328 or sean.fernandes@lw.com to coordinate other methods of production, such as electronic delivery via email or FTP.

2.      In responding to this subpoena, You are requested to furnish all Documents in Your possession, custody, or control, regardless of whether such Documents are possessed directly by You or Your employees, attorneys, or any other person or persons acting on Your behalf.

3.      In producing Documents for inspection, You are requested to produce the original of each Document together with all non-identical copies and drafts of that Document.  A copy of a Document bearing a comment, notation, or marking of any kind, which is not a part of the original, shall be considered a separate Document.  Any draft, preliminary, or superseded version of any Document also is to be considered a separate Document.

4.      Please produce Documents responsive to these requests as they are kept in the usual course of business or, alternatively, organized and labeled to correspond to each request to which the Documents are responsive.

5.      All Documents that are maintained in electronic form should be produced in electronic form even if a paper copy of the same document was produced.

6.      Documents attached to each other should not be separated.  If any requested Document cannot be produced in full, please produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

7.    If no Documents are responsive to a particular request, please state that no responsive documents or things exist.

8.    In the event that any Document called for by these requests or subsequent requests has been destroyed or discarded, Identify that Document; the date of its destruction or discard; the People who were authorized to carry out such destruction or discard; and whether any copies of the Document presently exist and, if so, the name of the custodian of each copy.

9.    If any requested Document or thing is withheld on the grounds of privilege, work product protection or other immunity, please provide the information required by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure in the form of a privilege log, which shall include, for each withheld document or thing, a description and your basis for withholding it.

10.    If any of the Documents are considered "CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY INFORMATION," "HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION," OR "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION," as those terms are defined in the protective order attached as Exhibit 1, such Documents should be produced subject to the terms and provisions of this protective order.

11.    In response to each request, please state whether any material has been or will be redacted, and the basis for the redaction.  Redactions should be clearly indicated at the location where the redaction has been made.

## DOCUMENTS TO BE PRODUCED

1.      Technical documentation and materials sufficient to show the structure, function and operation of Netware SFT-III.

2.      A representative sample of marketing materials created prior to Aug. 11, 1994 and pertaining to Netware SFT-III including all product brochures, data sheets, and feature matrixes.

3.      All customer documentation created prior to Aug. 11, 1994, and pertaining to Netware SFT-III, including user manuals, installation manuals, reference manuals, administrative guides, and maintenance and troubleshooting guides.

4.      Documents sufficient to show uses, sales, and offers for sale of Netware SFT-III in the United States prior to August 11, 1994.

5.      All documents and things created prior to Aug. 11, 1994 sufficient to show the structure and function of Novell Products with remote mirroring functionality, including, but not limited to, data sheets, technical architecture documents, administrative guides, and user guides.

6.      Documents sufficient to show uses, sales, and offers for sale of Novell Products with remote mirroring functionality in the United States prior to August 11, 1994.

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 2, 2015, upon the following in the manner indicated:

| | |
|---|---|
| Joseph J. Farnan III, Esquire<br>Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

Joseph J. Farnan III, Esquire                         *VIA ELECTRONIC MAIL*
Brian E. Farnan, Esquire
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiffs*

Parker C. Folse III, Esquire                           *VIA ELECTRONIC MAIL*
Brooke A.M. Taylor, Esquire
Daniel J. Shih, Esquire
Jordan Talge, Esquire
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
*Attorneys for Plaintiffs*

Ian Gore, Esquire                                         *VIA ELECTRONIC MAIL*
SUSMAN GODFREY L.L.P.
560 Lexington Avenue, 15th Floor
New York, NY  10022-6828
*Attorneys for Plaintiffs*

*/s/ Michael J. Flynn*

_____
Michael J. Flynn (#5333)