IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SYMANTEC CORP. and VERITAS<br>TECHNOLOGIES LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 13-440 (LPS)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATION AND NON-FINAL JUDGMENT OF
<u>NON-INFRINGEMENT OF U.S. PATENT NO. 6,598,131</u>**

WHEREAS, Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively "IV") have alleged that Defendants Symantec Corporation ("Symantec") and Veritas Technologies LLC ("Veritas") (collectively, "Defendants") infringe one or more claims of U.S. Patent No. 6,598,131 ("the '131 patent");

WHEREAS, Defendants answered and denied that they infringed the '131 patent and asserted various defenses and counterclaims, including invalidity and non-infringement of the '131 patent;

WHEREAS, following briefing by the parties, the Court held a claim construction hearing on February 9, 2015;

WHEREAS, the Court issued a claim construction order on March 10, 2016 (D.I. 215);

WHEREAS, among other terms, the Court construed the term "local persistent storage device" to mean "a physical device that is physically attached to a local computer and that contains a permanent medium for storing a persistent, consistent cache of a master data image

stored on a remote device where 'master data image' means 'the physical data image against which cached data is compared to determine whether it is up-to-date'";

WHEREAS, the Court construed the term "remote persistent storage device located remotely from the device" to mean "a physical device that is physically attached to a remote computer and that contains a permanent medium for storing a master data image where 'master data image' means 'the physical data image against which cached data is compared to determine whether it is up-to-date'";

WHEREAS, the terms "local persistent storage device" or "remote persistent storage device" appear in each asserted claim of the '131 patent;

WHEREAS, during the June 30, 2016 hearing on Defendants' Motion to Strike IV's Amended Infringement Contentions (D.I. 248), IV's counsel acknowledged that IV could not show literal infringement under the Court's constructions and was attempting to proceed under a Doctrine of Equivalents infringement theory (Transcript of 6/30/16 Proceedings (D.I. 267) at 11:10; 16:17; 16:25 to 17:2; 17:10-11; 20:5-6;

WHEREAS, at the June 30, 2016 hearing, the Court granted Symantec's motion to strike IV's amended infringement contentions regarding the '131 patent under the Doctrine of Equivalents (Transcript of 6/30/16 Proceedings (D.I. 267) at 22-25 (June 30, 2016);

WHEREAS, issues concerning U.S. Patent No. 5,537,533 (the "'533 patent") remain unresolved at this time;

WHEREAS, the parties respectfully request that the Court enter non-final judgment of non-infringement as to the '131 patent. IV expressly reserves the right to appeal that judgment;

WHEREAS, upon final resolution of the issues concerning the '533 patent, IV intends to file a notice of appeal as to the Court's claim construction order (D.I. 215) and order granting

Symantec's motion to strike IV's infringement contentions (Transcript of Proceedings at 24 (June 30, 2016)); and

WHEREAS, nothing in this stipulation and order limits or restricts the parties' rights to appeal, rights on appeal, or rights against the opposing parties if this case is reversed and/or remanded on appeal;

WHEREAS, Defendants stipulate and agree to defer any assessment of costs, including under Federal Rule of Civil Procedure 54(d) and Local Rule 54.1, or motion seeking attorney's fees, including under Federal Rule of Civil Procedure 54(d) and Local Rule 54.3, related to the '131 patent litigation until all appeals regarding the '131 patent have been exhausted;

WHEREAS, the parties stipulate and agree that all of Defendants' unadjudicated defenses and counterclaims asserted in Defendants' answers and counterclaims relating to the '131 patent, including those relating to invalidity of the '131 patent, are reserved and are to be dismissed without prejudice.

GOOD CAUSE APPEARING, the Court hereby ENTERS NON-FINAL JUDGMENT that:

1. Defendants do not infringe the '131 patent, either literally or under the Doctrine of Equivalents, under the Court's construction of "local persistent storage device" and "remote persistent storage device."

2. Defendants' unadjudicated defenses and counterclaims asserted in Defendants' answers and counterclaims relating to the '131 patent, including relating to invalidity of the '131 patent, are dismissed without prejudice.

3. Defendants' time to seek costs pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.1, and to move for attorney's fees, including under Federal Rule of Civil

Procedure 54(d) and Local Rule 54.3, relating to IV's infringement claims as to the '131 patent are hereby tolled until all appeals regarding the '131 patent have been exhausted.

| | |
|---|---|
| FARNAN LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| /s/ *Michael J. Farnan* | /s/ *Karen Jacobs* |
| Brian E. Farnan (#4089) | Jack B. Blumenfeld (#1014) |
| Michael J. Farnan (#5165) | Thomas C. Grimm (#1098) |
| 919 N. Market Street, 12th Floor | Karen Jacobs (#2881) |
| Wilmington, DE 19801 | 1201 North Market Street |
| (302) 777-0300 | P.O. Box 1347 |
| bfarnan@farnanlaw.com | Wilmington, DE 19899 |
| | (302) 658-9200 |
| *Attorneys for Plaintiffs* | jblumenfeld@mnat.com |
| | tgrimm@mnat.com |
| | kjacobs@mnat.com |
| | *Attorneys for Defendants* |

October 25, 2016

SO ORDERED on this _____ day of _____, 2016.

_____
The Honorable Leonard P. Stark

4