IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>        Plaintiffs,<br><br>   v.<br><br>SYMANTEC CORPORATION and<br>VERITAS TECHNOLOGIES LLC,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 13-440 (LPS)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION TO REVIEW TAXATION OF COSTS**

Pursuant to Federal Rule of Civil Procedure 54(d)(1) and District of Delaware Local Rule 54.1(d), Defendants Symantec Corporation ("Symantec") and Veritas Technologies LLC ("Veritas") (collectively, "Defendants") respectfully move for this Court to review the Taxation of Costs by the Clerk of Court (the "Clerk") (D.I. 371) and to award the full amount requested in Defendants' Bill of Costs (D.I. 353, D.I. 351).

**I.     Introduction**

Resolving the infringement claims by Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV") took over half a decade of document production, depositions, hearings, and multiple opinions and judgments by this Court and the Federal Circuit. *See, e.g.*, D.I. 288, 335, 340, 347, 351.  Ultimately, Defendants incurred $162,145.41 in recoverable costs in this process.  The Clerk, however, taxed IV only $21,485.85.[1]  D.I. 371 at 6. That was less than the amount of costs IV agreed was allowable here—$22,031.85. D.I. 361 at 2.  In doing so, the Clerk denied nearly all recovery for deposition transcript costs and refused to

---

[1] The Clerk also incorrectly taxed costs in Case No. 10-1067, where Symantec prevailed against IV.  *See* Case No. 10-1067, D.I. 787.  Symantec's motion to review the award of costs in that case is still pending.

tax costs entirely for exemplification of the technology tutorial required by the Court—both categories for which this Court has routinely granted recovery.  *See* D.I. 371 at 3-5; D.I. 351 at 6-12; Case No. 10-1067, D.I. 787 at 6-11.  The Clerk further accepted all of IV's objections without discussion of the reasoning and case law cited by Defendants.  Defendants therefore respectfully request that the Court review and amend the taxation of costs to the extent requested below.

## II.     Facts And Procedural Background

IV's complaint included three asserted patents:  United States Patent Nos. 6,732,359 ("the '359 patent"), 6,598,131 ("the '131 patent"), and 5,537,533 ("the '533 patent").  D.I. 1.  The '359 patent was dismissed by stipulation on May 27, 2015, with each side agreeing to bear their own costs for that one patent.  D.I. 184.  A Stipulation and Non-Final Judgment of Non-Infringement of the '131 patent was entered on November 2, 2016.  D.I. 288.  And summary judgment of ineligibility, non-infringement, and no willful infringement for the '533 patent was entered on February 13, 2017.  D.I. 335.  Final Judgment was entered accordingly in Defendants' favor on February 16, 2017.  D.I. 340.  On March 15, 2018, the United States Court of Appeals for the Federal Circuit affirmed the adverse judgments against IV on both the '131 and '533 patents.  D.I. 347.  Defendants are thus the prevailing party.

On June 27, 2018, Defendants filed a timely Bill of Costs (D.I. 351, D.I. 353) seeking $162,145.41, which was well-supported by cited authority, specific facts, and the Declaration of Lisa K. Nguyen (D.I. 352) ("Nguyen Declaration") and the exhibits thereto (D.I. 352-1).  On July 25, 2018, IV filed an opposition to Defendants' Bill of Costs, agreeing that $22,031.85 was recoverable but objecting to the rest of the costs identified by Defendants.

On January 18, 2019, the Clerk taxed costs in the amount of $21,485.85—less than the amount IV agreed was allowable. D.I. 371 at 6. In its decision, the Clerk quoted IV's objections and the case law IV cited, but it did not substantively address Defendants' arguments or cases presented in support of the Bill of Costs. *See id.* (no citations to D.I. 351). In particular, the Clerk's rejection of deposition costs was based on adopting IV's unsupported argument that the "'case was decided based on Defendants' § 101 challenge and their motion for summary judgment of non-infringement'"—which, *inter alia*, ignores the resolution of IV's infringement claims for the '131 patent. D.I. 371 at 3 (quoting D.I. 361 at 3). The Clerk also accepted IV's complaint that Defendants' demonstrative and technology tutorial costs were not recoverable because they involved only "'intellectual effort.'" *Id.* at 5 (quoting D.I. 361 at 11 without further explanation).

### III. Legal Standard

The taxation of costs is governed by Federal Rule of Civil Procedure 54(d), which "gives courts the discretion to award costs to prevailing parties." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2001 (2012). Costs should be awarded "automatically," however, to the prevailing party. *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 457 (3d Cir. 2000). Indeed, not awarding costs is like a penalty. *See Reger v. The Nemours Foundation, Inc.*, 599 F.3d 285, 288 (3d Cir. 2010).

Categories of costs that are taxable are established by 28 U.S.C. § 1920, which states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;

3

>(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>(5) Docket fees under section 1923 of this title;
>
>(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
>A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Local Rule 54.1 provides additional guidance on taxable costs, which states that "[u]nless otherwise ordered by the Court, the prevailing party shall be entitled to costs." D. Del. LR 54.1(a)(1). "Together, Section 1920 and the federal and local rules create a 'strong presumption' that costs should be awarded to the prevailing party." *Honeywell Int'l Inc. v. Nokia Corp.*, C.A. No. 04-1337-LPS, 2014 WL 2568041, at *3 (D. Del. May 30, 2014) (quoting *Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010); also citing *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000)). The costs standards set forth in the Local Rules are only binding on the Clerk—this Court "retains discretion to award costs to the full extent permitted by Section 1920." *Honeywell*, 2014 WL 2568041, at *5. And upon request by a party, a district court reviews *de novo* the Clerk's taxation of costs. *See Paoli*, 221 F.3d at 461.

## IV. Defendants Are the Prevailing Party Entitled to Costs on All Fronts

It is undisputed that Defendants are the prevailing parties and are entitled to recovery of costs. *See generally* D.I. 361; D.I. 371.

## V. The Court Should Award Defendants the Following Taxable Costs

### A. Fees of the Clerk

Defendants requested **$505.00** in fees paid to the Court, as set forth in more detail in Defendants' Bill of Costs (D.I. 351 at 3) and the Nguyen Declaration (D.I. 352 at 1) and Exhibit A thereto (D.I. 352-1 at 1-5). IV did not object to Defendants' request. D.I. 361 at 15. The

4

Clerk therefore awarded the full amount requested, and this Court should do the same. D.I. 371 at 2.

### B. Transcript Costs

Defendants requested reimbursement of **$1,482.48** for transcripts of hearings and conferences with the Court, as set forth in more detail in Defendants' Bill of Costs (D.I. 351 at 3-4) and the Nguyen Declaration (D.I. 352 at 1) and Exhibit B thereto (D.I. 352-1 at 6-15). IV did not object to Defendants' request. D.I. 361 at 14. The Clerk therefore awarded the full amount requested, and this Court should do the same. D.I. 371 at 2-3.

### C. Exemplification, Printing, and Copying Costs

Defendants necessarily incurred $19,915.74 in costs for conversion of electronic documents to the proper production format, as set forth in more detail in Defendants' Bill of Costs (D.I. 351 at 5-6) and the Nguyen Declaration (D.I. 352 at 2) and Exhibit C thereto (D.I. 352-1 at 16-35). IV objected to the full recovery of those costs, arguing that (i) a 33% reduction of a portion of those costs (a reduction of $2,871.12) was due because the parties agreed to bear their own costs for the '359 patent, and (ii) cost for OCR (amounting to $246.74) is not recoverable under *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 160 (3d Cir. 2012). D.I. 361 at 12-14. The Clerk adopted IV's objections without substantive explanation and granted only **$16,797.88** of Defendants' requested costs for the conversion of electronic documents to the proper production format. D.I. 371 at 5.

Defendants disagree that the Clerk's 33% reduction was appropriate. The primary focus of production and dispute in this case was the '131 and '533 patents. Further, it is well-established that a prevailing party need not track the relevance of each document produced in order to recover costs. *See Summit Technology, Inc. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1378 (Fed. Cir. 2006) ("[I]n complex patent litigation involving hundreds of thousands of documents

5

and copies, parties cannot be expected to track the identity of each photocopied page along with a record of its relevance to the litigation."); *Honeywell Int'l Inc. v. Nokia Corp.*, No. CV 04-1337-LPS, 2014 WL 2568041, at *6 (D. Del. May 30, 2014) ("In the context of complex patent litigation, it would be unreasonable to require a party to track and articulate the relevance of each specific document produced in discovery, each deposition noticed, and each exhibit designated for use at trial."). Defendants also disagree that OCR costs are not taxable here: *Rice Tires* explains that costs of "conversion to an agreed-upon production format" are taxable, and the agree-upon production format here required OCR. *See Race Tires*, 674 at 171 n.11; D.I. 21 (adopting this Court's Default Standard for Discovery); D.I. 351 at 5 (explaining how the Default Standard requires OCR); *see also Laboratory Skin Care Inc. v. Limited Brands, Inc.*, 2016 WL 1266564 at *3 (D. Del. Mar. 30, 2016) (awarding costs for bates stamping documents, which was necessary to the process of production).

But in the interest of compromise and efficiency and to avoid burden to the Court (while maintaining Symantec's request to recover such costs in the 10-1067 case), Defendants do not seek review of the Clerk's **$16,797.88** award for costs of conversion of electronic documents to the proper production. Thus, the Court should award the same amount.

Defendants also necessarily incurred **$77,571.00** in costs related to the preparation of Defendants' required technology tutorial and presentation slides for the *Markman* hearing, as set forth in more detail in Defendants' Bill of Costs (D.I. 351 at 6-7) and the Nguyen Declaration (D.I. 352 at 2) and Exhibit C thereto (D.I. 352-1 at 36-39). The Clerk, however, denied recovery of any of those costs, adopting IV's argument that "[t]his court has made it clear that costs relating to the 'intellectual effort involved in the production' of demonstratives are not

recoverable.'" D.I. 371 at 5 (quoting D.I. 361 at 11 without further explanation). But that standard is inapplicable here.

The cost of demonstrative exhibits is recoverable if such exhibits "materially aided [the Judge's] understanding of the technological issues in the case." *Schering Corp. v. Amgen, Inc.*, 198 F.R.D. 422, 428 (D. Del. 2001); *see also Summit Tech.*, 435 F.3d at 1377. In this case, the Court ordered the parties to submit a tutorial on the technology prior to the claim construction hearing. *See* D.I. 21 at 6 ("Unless otherwise ordered by the Court, the parties shall provide the Court . . . a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes"); *Schering*, 198 F.R.D. at 428 (awarding costs for video where Court had "invited both parties to submit videos to assist the court in understanding the technological issues involved"). The costs of preparing the demonstrative exhibits for that tutorial are therefore taxable, as are the costs of preparing the demonstrative exhibits for the *Markman* hearing. *See, e.g.*, *Schering*, 198 F.R.D. at 428 (awarding costs for video where Court had "invited both parties to submit videos to assist the court in understanding the technological issues involved"); *Walker Digital LLC v. Google Inc.*, C.A. No. 11-318 (LPS), D.I. 332 at pp. 9-10 (D. Del. Apr. 12, 2016) (awarding $19,672.57 in costs for preparing technology tutorial requested by the Court) (attached as Ex. A); *Honeywell*, 2014 WL 2568041 at *10 (technology tutorial demonstratives recoverable).

Defendants' incurred $131,043.60 in direct costs related to the preparation of Defendants' required technology tutorial and presentation slides for the *Markman* hearing. D.I. 352-1 at 36-39. From that total amount, Defendants carefully and conservatively deducted costs that could relate to unrecoverable "intellectual effort" or other potentially non-taxable charges. *See Honeywell Int'l Inc. v. Hamilton Sunstrand Corp.*, 2009 WL 3153496, at *4-5 (D. Del. Sept.

7

30, 2009). Specifically, as IV acknowledged (D.I. 361 at 11), Defendants did not seek recovery for costs relating to "Strategy Development & Trial Consulting," "Trial Support," "Trial support equipment," "Media equipment rental," "Travel," and non-categorized "Other reimbursable expenses." D.I. 352-1 at 36-39; *compare* D.I. 352-1 at 36-39 (invoices), *with* D.I. 352-1 at 18-19 (totals of recoverable costs requested for each invoice). Thus, only costs directly related to graphic design, animation, and production were included in the final **$77,571.00** amount requested by Defendants, as the invoices show. *See* D.I. 352-1 at 36-39. The Clerk did not address Defendants' parsing of costs to remove those associated with "intellectual effort." *Schering Corp.*, 198 F.R.D. at 428; *see id.* (awarding costs for video where Court had "invited both parties to submit videos to assist the court in understanding the technological issues involved"); *see also Summit Tech.*, 435 F.3d at 1377; *Walker Digital*, D.I. 332 at pp. 9-10; *Honeywell*, 2014 WL 2568041 at *10. Indeed, IV even conceded that a portion of Defendants' costs for the technology tutorial were recoverable. D.I. 361 at 11-12.

Accordingly, the full amount of **$77,571.00** should be awarded in costs related to the preparation of Defendants' required technology tutorial and presentation slides for the *Markman* hearing.

### D. Deposition Costs

Defendants requested $62,429.46 in costs for the transcripts for twenty-one depositions that were necessary for use in the case, as set forth in detail in Defendants' Bill of Costs (D.I. 351 at 8-12) and the Nguyen Declaration (D.I. 352 at 2) and Exhibit D thereto (D.I. 352-1 at 40-78). IV responded that only costs for one deposition (the second deposition of its expert, Mr. Wagner) were recoverable because only that deposition was necessary to resolve "Defendants' § 101 challenge" and "summary judgment of non-infringement." D.I. 361 at 3. IV also objected to certain line-item charges in Defendants' deposition invoices. *See* D.I. 361 at 5-10; 361-1

8

(Exhibit A). The Clerk adopted IV's objections without substantive discussion and awarded only $2,515.05 in taxable deposition costs—the portion of the costs for the second Wagner deposition to which IV did not object. D.I. 371 at 3 (citing IV's Exhibit A, D.I. 361-1). That award should be amended in three respects.

First, transcript costs for all twenty-one depositions that Defendants identified should be taxed, and since IV did not otherwise object to recovery of **$35,128.32** in line-item costs for those depositions, at least that amount should be awarded. *See* D.I. 361-1 (Exhibit A) (itemizing costs to which IV objected).[2] Pursuant to 28 U.S.C. § 1920, "deposition expenses, including the costs of deposition transcripts, may be awarded as costs to the prevailing party if the court determines, at the end of the litigation, that the copies were of papers necessary for use in the case." *Honeywell*, 2014 WL 2568041, at *9 (quoting *Tabron v. Grace*, 6 F.3d 147, 160 n.9 (3d Cir. 1993)); *see also In re Baby Food Antitrust Litig.*, 166 F.3d 112, 138-39 (3d Cir. 1999). That includes transcripts for depositions even if they were "taken solely for discovery purposes." 10-54 MOORE'S FEDERAL PRACTICE CIVIL § 54.103 ("[T]he mere fact that a deposition was taken solely for discovery purposes should not absolutely preclude taxation of those expenses as costs. Instead, the court should take a practical view and determine whether the deposition appeared to be reasonably necessary when taken."). The Court can award such deposition costs even if the requirement of D. Del. LR 54.1(b)(3) that "a substantial portion of the deposition is used in the resolution of a material issue in the case" is not met. *See Walker Digital*, D.I. 332 at pp. 7-8 (D. Del. Apr. 12, 2016); *see also Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) ("Even if a deposition is not introduced at trial, a district court has discretion to award

---

[2] The Clerk's adopted position on the relevance of the second Wagner deposition ignores the resolution of IV's claims for the '131 patent, which did not concern § 101 or the summary judgment opinion issued by the Court on the '533 patent. *See* D.I. 288.

costs if the deposition was necessarily obtained for use in a case and was not purely investigative.").

Indeed, this Court has expressly held that a defendant may recover costs of deposition transcripts and videos despite a substantial portion not being used to resolve a material issue if, "in the context of [a] patent infringement litigation, it was at least 'reasonably necessary' for [the defendant] to obtain transcripts of the depositions." *Id.* at 7. As this Court explained, "[j]ust because the Court ultimately decided this case on the basis of a summary judgment motion that did not involve the depositions to which [Defendant]'s instant motion relates, does not render the purchase of the deposition transcripts or videos unreasonable or unnecessary to an effective defense of this matter." *Id.* The same is certainly true here.

All twenty-one depositions that Defendants identified were necessary to prosecute Defendants' multi-year defense to IV's infringement claims on the '131 and '533 patents. They were "used throughout [this] patent case for many purposes," including "to identify and resolve disputes relating to discovery and to brief and argue motions." *See Walker Digital*, D.I. 332 at 7-8; D.I. 351 at 9-12 (detailing how each transcript was necessary to the case, including for fact and expert discovery, summary judgment, procedural motions, claim construction, and appeal). And there is "no suggestion from [IV] that it was unreasonable for [Defendants] to take the depositions" or incur any charge listed in the invoices provided. *See Walker Digital*, D.I. 332 at 7. Thus, in the "context of this patent infringement litigation" (*Walker Digital*, D.I. 332 at 7), all twenty-one of the depositions identified by Defendants were "reasonably necessary" (*id.*) to obtain for use in this case and, at minimum, the uncontested costs for those depositions (**$35,128.32**) should be taxed.

Second, an additional **$10,053.90** in costs should be awarded for the Matthews, Navarro, Nayak, Srivastava, Vaidya, and Ziegenhorn depositions. *See* D.I. 351 at 9-12. IV objected to all costs for those six depositions because the corresponding invoices were supposedly "not itemized." D.I. 361 at 10 (citation omitted); *see* D.I. 361-1 (Exhibit A)). However, the six corresponding invoices are, in fact, itemized—each lists the case, deponent, and location of the deposition, and each specifically identifies the separate line-item costs for the deposition "transcript" and "video," both of which are recoverable costs. D.I. 352-1 at 56, 61, 62, 65, 69, 78; *see Walker Digital*, D.I. 332 at 7-8 (awarding costs for deposition transcript and video, since both would be reasonably necessary for the case and potential future trial). IV even acknowledged the legal sufficiency of those details to justify their award under § 1920—IV suggested in the alternative that the costs for those depositions could simply be reduced by 25% as a penalty for not including details similar to Defendants' other invoices for other depositions. D.I. 361 at 10. A reduction is not justified though; the invoices include line-item details that "clearly describe each item of cost" for which recovery is sought. D. Del. LR 54.1(a)(2). Accordingly, since there is no reasonable basis for IV's only objection to recovery of the costs for those six depositions, they should be taxed in full.

Third, IV maintained a litany of objections to the remainder of Defendants' deposition transcript costs, with which the Clerk "agree[d]" without substantive discussion. D.I. 371 at 3 (citing IV's Exhibit A, D.I. 361-1). Among those objections, IV argued that costs for "Parking" ($158.80 in total), "Attendance Fee[s]" ($2,345.00 in total), "Expediting" ($554.25 in total) "Laptop" ($50.00 in total), "Mileage" ($53.58 in total), and "Shipping & Handling" ($970.00 in total) were not recoverable. *See* D.I. 361-1 at 1-3; (D.I. 352-1 at 40-77) (invoices with associated line-items). Such costs should be recoverable under § 1920, however, as they were

11

needed for production of deposition transcripts "reasonably necessary" (*Walker Digital*, D.I. 332 at pp. 7) for the prosecution of Defendants' multi-year defense here. Indeed, IV has not suggested any of the costs were unreasonable or not needed—and Defendants would not have incurred them if they were. But in the interest of compromise and efficiency and to avoid burden on the Court, Defendants will not seek recovery of those additional costs (which together total only $4,416.63—just 7% of Defendants' total deposition transcript costs).

However, the remaining line-items to which IV objected (totaling **$12,830.61**) should be awarded in full. IV objected to those costs as impermissibly related to production of the exhibits for the deposition transcripts, video records for the depositions, draft copies of the deposition transcripts, and electronic copies of the deposition transcripts. *See* D.I. 361 at 5-10 & 361-1 at 1-3 (objecting to "Extras" such as "Exhibits," "Video Synchronization," "Rough Draft[s]," "RealTime" and "CD" costs, and "Production and Processing"). All of those items are taxable costs. Exhibits to the deposition transcript are clearly necessary to complete the transcripts—as are the nominal production and processing costs directly charged by reporters. And this Court has also explained that both transcript *and* video charges for depositions are recoverable. *See Walker Digital*, D.I. 332 at 7-8 (awarding costs for deposition transcript and video, since both would be reasonably necessary for the case and potential future trial, even if the case were resolved before trial and thus before full use of the transcripts and video). In addition, Local Rule 54.1(b)(3) expressly provides that the "charge for the *original and* one *copy* of a deposition *and* the reasonable *cost of taking a deposition electronically … recorded* are taxable." D. Del. LR 54.1(b)(3). Thus, the remaining categories to which IV objected are recoverable costs for the exhibits, video, drafts, and electronic recording costs of the twenty-one depositions that, as discussed above, were "reasonably necessary" to defend against IV's infringement claims in this

complex patent case. *See Walker Digital*, D.I. 332 at 7-8. Accordingly, the full amount of those remaining objected-to costs (**$12,830.61**) should be taxed.

Therefore, a total of **$58,012.83** in costs should be taxed for the twenty-one depositions identified by Defendants.

### E. Witness Fees

Defendants requested $241.73 in costs for witness fees under 28 U.S.C. § 1920(3) and Local Rule 54.1(b)(4), as set forth in more detail in Defendants' Bill of Costs (D.I. 351 at 12) and the Nguyen Declaration (D.I. 352 at 2) and Exhibit A thereto (D.I. 352-1 at 79-83). IV objected to the witness fee for Darin Marrow, which totaled $56.79. *See* D.I. 361 at 15; D.I. 351 at 12. The Clerk therefore awarded $184.94. D.I. 371 at 4. To avoid burden on the Court, Defendants do not seek recovery of the nominal amount not awarded by the Clerk. This Court should therefore award the same amount as the Clerk for witness fees—**$184.94**.

\*   \*   \*

WHEREFORE, Defendants respectfully requests the Court to grant the Bill of Costs (D.I. 351-53) in the total amount of **$154,554.13**, for the reasons and to the extent set forth above.

<table>
<tr><td>

OF COUNSEL:

Douglas E. Lumish
Lisa K. Nguyen
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600

Gabriel K. Bell
Robert J. Gajarsa
LATHAM & WATKINS LLP
555 11th Street, NW
Washington, D.C. 20004
(202) 637-2200

January 25, 2019

</td><td>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*
Karen Jacobs (#2881)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@mnat.com
mflynn@mnat.com

*Attorneys for Defendants Symantec Corporation and Veritas Technologies LLC*

</td></tr>
</table>

14

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 25, 2019, upon the following in the manner indicated:

| | |
|---|---|
| Joseph J. Farnan III, Esquire<br>Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs* | VIA ELECTRONIC MAIL |
| Parker C. Folse III, Esquire<br>Brooke A.M. Taylor, Esquire<br>Daniel J. Shih, Esquire<br>SUSMAN GODFREY L.L.P.<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br>*Attorneys for Plaintiffs* | VIA ELECTRONIC MAIL |
| Ian Gore, Esquire<br>SUSMAN GODFREY L.L.P.<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>*Attorneys for Plaintiffs* | VIA ELECTRONIC MAIL |
| Richard W. Hess, Esquire<br>Weston O'Black, Esquire<br>John P. Lahad, Esquire<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002<br>*Attorneys for Plaintiffs* | VIA ELECTRONIC MAIL |

                                          */s/ Michael J. Flynn*
                                          Michael J. Flynn (#5333)