IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 13-440 (LPS) ) |
| SYMANTEC CORPORATION and VERITAS TECHNOLOGIES LLC, | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION
TO REVIEW TAXATION OF COSTS**

OF COUNSEL:

Douglas E. Lumish
Lisa K. Nguyen
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600

Gabriel K. Bell
Robert J. Gajarsa
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

February 15, 2019

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@mnat.com
mflynn@mnat.com

*Attorneys for Defendants Symantec
Corporation and Veritas Technologies LLC*

Defendants incurred $162,145.41 in recoverable costs defending against IV's infringement claims over the course of more than five years. The Clerk, however, taxed IV only $21,485.85. D.I. 371 at 6. Defendants respectfully ask this Court to review that decision and, in the interest of compromise and avoiding further burden on the Court, Defendants seek to recover less than the full amount of costs incurred. *See* D.I. 372 at 5-6, 11-12; *infra* at 8-10.

IV argues that Defendants' request is nonetheless "overreaching and improper." D.I. 373 at 1. IV makes three principal arguments, none of which supports the Clerk's decision. First, IV contends that the Clerk correctly denied costs for the technology tutorial and *Markman* presentations because Defendants' request is "extravagant" and improperly includes "intellectual effort." D.I. 373 at 4. But the requested amount is similar to others that this Court has awarded, and Defendants carefully limited the request to costs "for the actual presentation[s]," not "counsel's intellectual effort" to craft the tutorial's content in the first instance. *Walker Digital LLC v. Google Inc.*, C.A. No. 11-318 (LPS), 2016 WL 1553974, at *5 (D. Del. Apr. 12, 2016). Second, IV contends that the Clerk correctly denied costs for all but one of the twenty-one deposition transcripts because the other twenty were "not used to resolve any material issue in this case." D.I. 373 at 6. But this Court rejected a similar argument in *Walker Digital*, awarding costs in a patent suit because "it was at least 'reasonably necessary' for [the defendant] to obtain transcripts of the depositions." 2016 WL 1553974, at *4. Defendants presented a detailed chart explaining why each of the deposition transcriptions was reasonably necessary here. *See* D.I. 352-1 at 41-44 (Ex. D); D.I. 351 at 9-12. Finally, IV argues that Defendants committed "misconduct" that was "recognized by this Court and acknowledged by Defendants." D.I. 373 at 13. IV's arguments are inaccurate—and provide no basis on which to limit costs.

Defendants respectfully submit that their request is well-supported and should be granted.

I.   **Undisputed Costs**

There is no dispute that the following should be taxed against IV: court fees (**$505.00**), court transcript costs (**$1,482.48**), electronic document conversion costs (**$16,797.88**) and witness fees (**$184.94**). D.I. 372 at 4-6, 13; D.I. 373 at 2. Those costs should be taxed in full.

II.  **Technology Tutorial and *Markman* Presentation Slides**

Defendants incurred **$77,571.00** in recoverable costs for the preparation of Defendants' required technology tutorial and presentation slides for the *Markman* hearing. See D.I. 372 at 6-8; D.I. 351 at 6-7; D.I. 352 at 2; D.I. 352-1 at 36-39. The Clerk denied recovery of those costs, stating that "costs relating to the 'intellectual effort involved in the production' of demonstratives are not recoverable.'" D.I. 371 at 5 (quoting D.I. 361 at 11). As Defendants explained, that was an error. D.I. 372 at 8. IV's arguments do not justify the Clerk's approach here.

First, IV appears to accept (and represented to the Clerk, *see* D.I. 361 at 12) that certain costs totaling $546.50 are recoverable—for "Color proofs of demonstratives" and "One-time media and archiving." D.I. 373 at 5. Thus, those costs should be awarded.

Second, IV now argues that Defendants failed to "segregate out" the tutorial costs related to the '359 patent. D.I. 373 at 4. That objection, however, is waived as it was not presented to the Clerk. *See* D.I. 361 at 11-12. Regardless, requiring costs in this context to be traced specifically to each patent in a multi-patent technology tutorial would be "unreasonable." *See Honeywell Int'l Inc. v. Nokia Corp.*, No. CV 04-1337-LPS, 2014 WL 2568041, at *6 (D. Del. May 30, 2014) ("In the context of complex patent litigation, it would be unreasonable to require a party to track and articulate the relevance of each specific document produced in discovery, each deposition noticed, and each exhibit designated for use at trial."). Moreover, at most, IV's belated objection would warrant a 33% reduction as the '359 patent was only one of the three patents.

Third, IV argues that the "amount sought for the technology tutorial" is "extravagant" and

2

almost entirely attributable to nontaxable "intellectual effort." D.I. 373 at 3-5. But the amount requested is similar to amounts incurred for technology tutorials and *Markman* hearings in other patent cases. *See, e.g.*, *Honeywell Int'l Inc.*, 2014 WL 2568041, at *6 (*Markman* exemplification costs over $50,000 for one patent); *Schering Corp. v. Amgen, Inc.*, 198 F.R.D. 422, 428 (D. Del. 2001) (*Markman* video technology tutorial over $55,000 for one patent). Importantly, Defendants carefully and conservatively deducted costs that could relate to unrecoverable "intellectual effort" or other potentially non-taxable charges. *See Honeywell Int'l Inc. v. Hamilton Sunstrand Corp.*, 2009 WL 3153496, at *4-5 (D. Del. Sept. 30, 2009). Defendants incurred a total of $131,043.60 in direct non-attorney costs related to the preparation of Defendants' required technology tutorial and presentation slides for the *Markman* hearing. *See* D.I. 352-1 at 36-39. But Defendants did not seek to tax that full amount. Instead, Defendants removed costs relating to "Strategy Development & Trial Consulting," "Trial Support," "Trial support equipment," "Media equipment rental," "Travel," and non-categorized "Other reimbursable expenses." D.I. 352-1 at 36-39; *compare* D.I. 352-1 at 36-39, *with* D.I. 352-1 at 18-19. Accordingly, having removed all strategy, consulting, trial support, and equipment charges, the only remaining costs are the "graphic design" and "animation" needed for the reproduction in presentable electronic format of the demonstratives envisioned by counsel's intellectual effort to aid the Court in understanding the technology at issue. *See* D.I. 352-1 at 36-39. Those are recoverable costs "for the actual presentation" of the technology tutorial—*i.e.*, "reducing counsel's intellectual effort to the requested [electronic] format and submitting it to the Court"—not "counsel's intellectual effort" to craft the tutorial in the first instance. *Walker Digital*, 2016 WL 1553974, at *5.[1]

The amount of **$77,571.00** should be awarded in costs related to the preparation of Defendants' required technology tutorial and presentation slides for the *Markman* hearing.

---

[1]  Non-intellectual effort need not be billed on a "per page" or "per disc" basis (D.I. 373 at 3) to be recoverable—such an arrangement likely would have been unworkable here.

3

### III. Deposition Costs

Defendants incurred $62,429.46 in recoverable costs for twenty-one necessary depositions. D.I. 372 at 8-13. The Clerk erred in awarding only $2,515.05 for one deposition (the second Webster deposition). *Id.*[2] IV's arguments do not justify the Clerk's decision.

First, IV argues that Local Rule 54.1(b)(3) limits recovery of deposition costs to "where a substantial portion of the deposition is used in the resolution of a material issue in the case." D.I. 373 at 6 (quoting LR 54.1(b)(3)). And, according to IV, only the second Webster deposition meets that requirement because the "case was resolved based on Defendants' Section 101 challenge and their motion for summary judgment of non-infringement" and only the second Webster deposition was "mentioned by the Court in reaching its decision." D.I. 373 at 6-7. But the entire case was *not* resolved on that basis: summary judgment only disposed of the '533 patent claims, whereas IV conceded to adverse judgment on its asserted '131 patent claims after several earlier rulings by this Court. D.I. 288.

More fundamentally, contrary to IV's argument, Local Rule 54.1(b)(3) does *not* limit recovery of costs. Instead, § 1920 is the controlling standard and permits recovery of costs for "deposition expenses, including the costs of deposition transcripts," simply if the "copies are necessarily obtained *for use in the case*." *Honeywell*, 2014 WL 2568041, at *9 (quoting *Tabron v. Grace*, 6 F.3d 147, 160 n.9 (3d Cir. 1993), and 28 U.S.C. § 1920 (emphasis added)). This Court applied that standard in *Walker Digital* to reject the same legal theory IV advances here. As this Court explained, the Local Rules do *not* limit costs, so costs of deposition transcripts and videos are taxable under § 1920 despite a substantial portion *not* being used to resolve a material issue if, "in the context of [a] patent infringement litigation, it was at least 'reasonably necessary' for [the

---

[2] Defendants' motion mistakenly refers to "the second *Wagner* deposition." *E.g.*, D.I. 372 at 8-9.

4

defendant] to obtain transcripts of the depositions." *Walker Digital*, 2016 WL 1553974, at *4.[3] That is particularly appropriate where, as here, a case is resolved prior to trial and transcripts are not cited in normal course. The twenty-one depositions that Defendants identified meet that standard, as they were necessary to defend against IV's claims. D.I. 372 at 10.

Second, IV contends that the twenty depositions beyond the second Webster deposition were not used "at all" to resolve material issues related to summary judgment and "were *not* necessary to effectively litigate this case"—two were "only incidentally cited" in briefing and eighteen were "*totally unused*." D.I. 373 at 1, 5, 7 (emphases by IV). But in *Walker Digital*, this Court rejected the argument (echoed by IV here) that, in cases resolved on summary judgment, deposition costs are recoverable only if they were necessary to that disposition. As this Court held, "[d]eposition transcripts are used throughout a patent case for many purposes, including to identify and resolve disputed relating to discovery and to brief and argue motions (e.g., challenging the admission of expert testimony, for summary judgment, *in limine*, and miscellaneous issues that arise in connection with preparation of the pretrial order)." *Walker Digital*, 2016 WL 1553974, at *4. Thus, "[j]ust because the Court ultimately decided this case on the basis of a summary judgment motion *that did not involve the depositions to which [Defendant]'s instant motion relates* does not render the purchase of the deposition transcripts or videos unreasonable or unnecessary to an effective defense of this matter." *Id.* (emphasis added).

Also, as this Court has explained, "[i]n the context of complex patent litigation, it would be unreasonable to require a party to track and articulate the relevance of … each deposition noticed" for the recovery of costs. *Honeywell Int'l Inc. v. Nokia Corp.*, No. CV 04-1337-LPS, 2014 WL 2568041, at *6 (D. Del. May 30, 2014). In any event, Defendants provided a chart with their costs

---

[3] The case relied upon by IV recognizes the same principle. *See also Bethea v. Rash*, 2015 WL 4477693, at *2 (D.Del. July 22, 2015) ("[T]he court retains the discretion to award costs beyond the limitations of Local Rule 54.1 to the fullest extent permissible under § 1920.").

submissions detailing how each of the twenty-one depositions at issue were "used throughout [this] patent case for many purposes" necessary to Defendants' multi-year defense of IV's infringement claims, including for fact and expert discovery, appeal, and "to identify and resolve disputes relating to discovery and to brief and argue motions" (*Walker Digital*, 2016 WL 1553974, at *4).  *See* D.I. 351 at 9-12 (summary chart); D.I. 352-1 at 41-44 (Ex. D) (even more detailed chart).  The chart is reproduced below in relevant part for convenience:

| Bakewell, Christopher | Transcript necessary for discovery purposes in the case:  Symantec damages expert |
|---|---|
| Baratloo, Arash | Transcript necessary for discovery purposes in the case:  Inventor of 131 patent |
| Harris, Richard | Transcript necessary for discovery purposes in the case:  Witness was listed by IV as an individual with knowledge of the claims |
| Katz, Randy | Transcript necessary for discovery purposes in the case:  Symantec technical expert |
| Kedem, Zvi | Transcript necessary for discovery purposes in the case:  Inventor of 131 patent |
| Kosiara, Joseph | Transcript necessary for discovery purposes in the case:  Witness was IV Senior Director of Finance with potentially relevant information for claims |
| Matthews, Doug (Symantec 30(b)(6)) | Transcript necessary for discovery purposes in the case:  Deposition of Symantec witness noticed by IV; transcript also cited at:  Ex. 1 to Pl's Letter Brief re Reply iso Mot. to Join Veritas [D.I. 224]; Ex. 10 to Nguyen Decl. iso Def's MSJs & Daubert Mot. [D.I. 287]; Ex. 10 to Farnan Decl. iso Pl's Resp. to MSJ of Non-Infringement [D.I. 298]; Ex. 21 to Nguyen Decl. iso Def's Reply iso MSJ of Non-Infringement [D.I. 320] |
| McCabe, Ron | Transcript necessary for discovery purposes in the case:  Witness was listed by IV as an individual with knowledge of the claims; transcript also cited at: Ex. 4 to Farnan Decl. iso Pl's Mot. to Exclude Bakewell [D.I. 284]; Ex. 3 to Nguyen Decl. iso Def's Resp. to MSJ & Mot. to Exclude Bakewell [D.I. 304]; Ex. 24 to Nguyen Decl. iso Def's Reply iso MSJ of Non-Infringement [D.I. 320]; Ex. B to Farnan Decl. iso Pl's Reply iso Mot. to Exclude Bakewell [D.I. 325] |
| Myhrvold, Nathan | Transcript necessary for discovery purposes in the case:  Witness was listed by IV as an individual with knowledge of the claims |
| Navarro, Anthony | Transcript necessary for discovery purposes in the case:  Deposition of Symantec witness noticed by IV |

6

| | |
|---|---|
| Nayak, Sathish (Individual and Symantec 30(b)(6)) | Transcript necessary for discovery purposes in the case:  Deposition of Symantec witness noticed by IV; transcript also cited at:  Ex. 13 to Pl's Resp. to MSJ of Non-Infringement [D.I. 298] |
| Ohran, Michael | Transcript necessary for discovery purposes in the case:  Witness with knowledge of prior art to the asserted patents; transcript also cited at:  Ex. 5 to Farnan Decl. iso Pl's Mot. to Exclude Bakewell [D.I. 284]; Ex. 5 to Nguyen Decl. iso Def's Resp. to MSJ & Mot. to Exclude Bakewell [D.I. 304] |
| Srivastava, Sharad | Transcript necessary for discovery purposes in the case:  Deposition of Symantec witness noticed by IV |
| Staheli, Vaughn | Transcript necessary for discovery purposes in the case:  Inventor of the 533 patent; transcript also cited at:  Ex. 4 to Nguyen Decl. iso Def's Resp. to MSJ & Mot. to Exclude Bakewell [D.I. 304]; Joint Appendix on Appeal (Appx5055) |
| Tseng, Wendy (Symantec 30(b)(6)) | Transcript necessary for discovery purposes in the case:  Deposition of Symantec witness noticed by IV |
| Vaidya, Anish (Individual and Symantec 30(b)(6)) | Transcript necessary for discovery purposes in the case:  Deposition of Symantec witness noticed by IV |
| Wagner, Michael | Transcript necessary for discovery purposes in the case:  IV damages expert; transcript also cited at: Ex. 4 to Nguyen Decl. iso Def's MSJs & Daubert Mot. [D.I. 287]; Ex. 2 to Nguyen Decl. iso Def's Resp. to MSJ & Mot. to Exclude Bakewell [D.I. 304] |
| Webster, Bruce, Vol. 1 | Transcript necessary for discovery purposes in the case:  IV technical expert; transcript also cited at:  Ex. 1 to Kowalski Decl. iso Def's Responsive CC Brief [D.I. 92]; Attachment C to Def's Letter re Post-CC Briefing [D.I. 122]; Nguyen Decl. iso Def's Reply iso MSJ of Non-Infringement [D.I. 320]; Joint Appendix on Appeal (Appx873, Appx1062) |
| Webster, Bruce, Vol. 2 | Transcript necessary for discovery purposes in the case:  IV technical expert; transcript also cited at:  Ex. 7 to Nguyen Decl. iso Def's MSJs & Daubert Mot. [D.I. 287]; Ex. 1 to Nguyen Decl. iso Def's Resp. to MSJ & Mot. to Exclude Bakewell [D.I. 304]; Joint Appendix on Appeal (Appx5011) |
| Weisfield, James | Transcript necessary for discovery purposes in the case:  Witness was listed by IV as an individual with knowledge of the claims |
| Ziegenhorn, Angela (Individual and Symantec 30(b)(6)) | Transcript necessary for discovery purposes in the case:  Deposition of Symantec witness noticed by IV |

The details provided in the chart establish that these depositions were necessary. IV's suggestion that "identif[ying] a witness in its Rule 26 initial disclosures does not make that deposition necessary" is contrary to the purpose of the disclosure—that is precisely why deposing such a witness would be necessary. D.I. 373 at 8. The same is true for any individual identified with "knowledge of prior art" that would be used to establish invalidity. *Id.* Notably, IV does not acknowledge that the majority of deponents for which Defendants incurred recoverable deposition costs either were experts or were witnesses noticed for deposition by IV, not Defendants.

Accordingly, if the Court agrees that all twenty-one depositions were reasonably necessary, **$45,182.22**, at minimum, should be taxed for deposition costs—**$35,128.32** in unobjected-to costs for fifteen of those depositions (*see* D.I. 372 at 9-10) and **$10,053.90** in costs for the Matthews, Navarro, Nayak, Srivastava, Vaidya, and Ziegenhorn depositions (for which IV did not renew its "non-itemized" objection, *see* D.I. 361 at 10, after Defendants explained that IV's arguments were factually incorrect, *see* D.I. 372 at 11).

Third, IV contends that numerous other itemized deposition transcript costs totaling $17,247.24 are not recoverable. *See* D.I. 373 at 8-13; D.I. 372 at 11-12. As Defendants noted in their motion for review, in the interest of compromise and efficiency, Defendants do not seek recovery of several nominal items in that collection of costs, which together total $4,416.63. *See* D.I. 372 at 11-12 (waiving costs to Parking, Attendance Fees, Expediting, Laptop, Mileage, and Shipping and Handling). Nevertheless, IV dedicates several pages (*see* D.I. 373 at 11-13) to repeating its objections to recovery of those costs and continuing to object to several other additional nominal costs totaling $1,715.96: video synchronization costs (totaling $310.00, *see* D.I. 352-1 at 46, 68 (Ex. D)); "Premium Depo" and "CD Depo" litigation package charges (totaling $605.00, *see id.* at 7, 49, 52, 54, 57, 59, 63, 66, 70, 74, 76); "Production and Processing" charges (totaling $570.16, *see id.* at 47, 49, 52, 54, 57, 59, 63, 66, 70, 72, 74, 76), and hyperlinking charges for

exhibits (totaling $230.80, *see id.* at 45, 51, 72).  *See also* D.I. 361-1 at 1-4.  IV does not cite any case from this Court holding that such charges are not taxable, and Defendants maintain that they are, as they were reasonably necessary for production of deposition transcripts.  *See* D.I. 372 at 11-13; D.I. 373 at 12-13.  But, again, in the interest of compromise, Defendants will forego those additional nominal costs.

Last, **$11,114.65** remain in recoverable deposition costs that IV has objected to as covering Rough Drafts, Realtime, and deposition Exhibits (other than hyperlinking).  *See* D.I. 372 at 9-13; D.I. 361-1 at 1-4.[4]  Those costs are properly taxable.  D.I. 372 at 12-13.  As Defendants explained, exhibits to depositions are logically necessary to complete deposition transcripts (and scanning them is clearly a necessary first step in the transcript copying process).  *Id.* at 12.  And, as Defendants explained (*id.*), Local Rule 54.1(b)(3) in this District provides that the "charge for the *original and one copy* of a deposition *and the reasonable cost of taking a deposition electronically … recorded* are taxable."  D. Del. LR 54.1(b)(3).  Thus, rough draft copies (in addition to originals) and electronic Realtime recording are recoverable costs.  The cases that IV cites in response are unavailing—they are decisions by courts outside this District.  *See* D.I. 373 at 9-13.

Defendants should therefore be awarded **$56,296.87** in costs for the twenty-one depositions identified by Defendants—**$35,128.32** in unobjected-to costs for fifteen of those depositions; **$10,053.90** in costs for the Matthews, Navarro, Nayak, Srivastava, Vaidya, and Ziegenhorn depositions; and **$11,114.65** for remaining recoverable costs.[5]

---

[4]   IV also objected to $71.25 in an "Extended Hours Surcharge" for video services for the deposition of Zvi Kedem.  *See* D.I. 361-1 at 2.  That cost is recoverable as part and parcel with the unobjected-to charge for video services for that deposition.  *See id.*; D.I. 352-1 at 53.

[5]   IV also contends that Defendants have "unclean hands" because, according to IV, Defendants made "substantial misstatements" constituting "misconduct" that was "recognized by this Court and acknowledged by Defendants."  D.I. 373 at 13.  IV's accusations are incorrect.  Neither this Court nor Defendants "recognized" or "acknowledged" any "misconduct."  IV's purported examples do not support its position.  <u>First</u>, Defendants never asserted that IV's expert admitted *in haec verba* that

9

## IV. Conclusion

Defendants respectfully request that the Court grant the Motion for Review (D.I. 372) and Bill of Costs (D.I. 351-353) and tax costs in the amount of **$152,838.17** for the reasons set forth herein and in Defendants' prior submissions on costs.

---

there was no infringement. Rather, Defendants argued that IV's expert admitted facts that precluded any finding of infringement—and this Court *agreed* and granted summary judgment. *See Intellectual Ventures I LLC v. Symantec Corp.*, 234 F. Supp. 3d 601, 609-10 (D. Del. 2017) ("Symantec explains that the copying steps are intentionally separated by a step to set up the write to the remote volumes. Symantec contends that even IV's technical expert, Mr. Webster, confirms that this is how [the accused product] operates. Hence, the delay between the write steps is a design choice, not simply the time needed to process data, and therefore the accused product does not operate in a way that meets the 'substantially concurrent' limitation. … The Court agrees with Symantec." (discussing and relying on Webster testimony)), *aff'd*, 725 F. App'x 976, 978-79 (Fed. Cir. 2018). Defendants later argued that those same dispositive admissions (and other factors) made this case exceptional and warranted fees under § 285. Second, Defendants reasonably interpreted Judge O'Malley's question at oral argument as indicating that she was led by IV's briefing to believe that IV had not been permitted to amend its contentions to plead a DOE claim—she initially stated that it was one of IV's "most compelling" arguments, before Defendants' counsel corrected the record. *See* D.I. 356, Ex. A at 10 (Judge O'Malley: "[O]ne of the parts that I think is most compelling from the other side [i.e., from IV] is the argument that they should have been allowed to at least amend their infringement contentions to assert a doctrine of equivalence claim …. So why is it that we shouldn't conclude that they should have been allowed to at least try to plead a DOE claim?"; *see also id*. (Defendants' counsel correcting the record). Ultimately, however, this Court took a different view of the record and denied Defendants' request for attorney fees: although IV's infringement suit was "relatively weak," D.I. 370 at 50, the Court found it was not exceptional and concluded that IV was not trying to mislead, *id*. at 49-50. This Court also warned both parties against using inflammatory rhetoric and accusations. *Id*. at 51. But IV's assertions of "misconduct" are not accurate, and Defendants respectfully submit that they do not warrant reducing costs in this case.

10

|  |  |
|---|---|
| OF COUNSEL:<br><br>Douglas E. Lumish<br>Lisa K. Nguyen<br>LATHAM & WATKINS LLP<br>140 Scott Drive<br>Menlo Park, CA  94025<br>(650) 328-4600<br><br>Gabriel K. Bell<br>Robert J. Gajarsa<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004<br>(202) 637-2200<br><br>February 15, 2019 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Michael J. Flynn*<br>_____<br>Karen Jacobs (#2881)<br>Michael J. Flynn (#5333)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>kjacobs@mnat.com<br>mflynn@mnat.com<br><br>*Attorneys for Defendants Symantec Corporation and Veritas Technologies LLC* |

# CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 15, 2019 upon the following in the manner indicated:

| | |
|---|---|
| Joseph J. Farnan III, Esquire<br>Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>*Attorneys for Plaintiffs* | VIA ELECTRONIC MAIL |
| Parker C. Folse III, Esquire<br>Brooke A.M. Taylor, Esquire<br>Daniel J. Shih, Esquire<br>SUSMAN GODFREY L.L.P.<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br>*Attorneys for Plaintiffs* | VIA ELECTRONIC MAIL |
| Ian Gore, Esquire<br>SUSMAN GODFREY L.L.P.<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>*Attorneys for Plaintiffs* | VIA ELECTRONIC MAIL |
| Richard W. Hess, Esquire<br>Weston O'Black, Esquire<br>John P. Lahad, Esquire<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002<br>*Attorneys for Plaintiffs* | VIA ELECTRONIC MAIL |

                                      */s/ Michael J. Flynn*
                                      Michael J. Flynn (#5333)