IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>           Plaintiffs,<br><br>   v.<br><br>SYMANTEC CORPORATION and<br>VERITAS TECHNOLOGIES LLC,<br><br>           Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 13-440-LPS |

## **MEMORANDUM ORDER**

At Wilmington this **30th** day of **September, 2019**:

Having reviewed the record, and for the reasons stated below, **IT IS HEREBY ORDERED THAT** Defendants' Motion for Review of Clerk's Taxation of Costs (D.I. 372) is **GRANTED IN PART** and **DENIED IN PART**, and Plaintiffs are ordered to pay Defendants' costs in the amount of **$154,554.13**.

1. On March 18, 2013, Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV") filed this patent infringement action against two defendants, Symantec Corporation ("Symantec") and Veritas Technologies LLC ("Veritas") (collectively, "Defendants"), asserting United States Patent Nos. (a) 6,732,359 ("the '359 patent"), (b) 6,598,131 ("the '131 patent"), and (c) 5,537,533 ("the '533 patent"). (D.I. 1)

    A. On May 27, 2015, the Court signed the parties' jointly proposed "Stipulated Dismissal" of IV's infringement claims relating to the '359 patent. (D.I. 184) ("'359 Dismissal") The '359 Dismissal expressly provided: "Each side will bear its own

1

fees and costs as to the dismissed claims and counter-claims relating to the '359 patent."
(*Id.*)

      B.    On November 2, 2016, the Court signed the parties' jointly proposed "Stipulation and Non-Final Judgment of Non-Infringement" of the '131 patent. (D.I. 288) ('131 Judgment") In the '131 Judgment, IV agreed that, due to certain of the Court's rulings (including claim construction), it could not prove infringement of any asserted claim of the '131 patent, although it also attempted to reserve the right to challenge those rulings on appeal. (*See id.* at 2)

      C.    On February 13, 2017, the Court granted Defendants' motion for summary judgment of patent ineligibility, non-infringement, and no willful infringement of the asserted claims of the '533 patent. (D.I. 335) ("'533 Judgment")

2.    On February 16, 2017, the Court entered Final Judgment for Defendants and against IV. (D.I. 340)

3.    On March 15, 2018, the Court of Appeals for the Federal Circuit affirmed this Court's Final Judgment. (D.I. 347)

4.    As shown in the recitation above, and as correctly stated by Defendants: "Resolving the infringement claims by Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, 'IV') took over half a decade of document production, depositions, hearings, and multiple opinions and judgments by this Court and the Federal Circuit." (D.I. 372 at 1)

5.    On June 27, 2018, Defendants filed a Bill of Costs, supported by a Declaration of Lisa K. Nguyen and other documentation, with the Clerk of Court. (D.I. 351, 352, 353)

6.    IV objected to the Bill of Costs on July 25, 2018. (D.I. 361)

7. On January 18, 2019, the Clerk entered his Taxation of Costs in the amount of $21,485.85 on January 18, 2019. (D.I. 371) ("Taxation")

8. Defendants objected to the Clerk's Taxation and their motion for review of that Taxation is fully briefed. (*See* D.I. 372, 373, 374)

9. "Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012). In particular, Rule 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." As the Third Circuit has observed, Rule 54(d)(1) "uses the word 'costs' as a term of art, rather than to refer to all expenses a prevailing party may incur in a given action." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (3d Cir. 2000) (citing 10 MOORE'S FEDERAL PRACTICE § 54.103, at 54–174 to 54–197 (3d ed.1999)).

10. The categories of costs that are taxable are established by statute: 28 U.S.C. § 1920, a statute to which the Supreme Court "has accorded a narrow reading." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d Cir. 2012) (citing *Crawford Fitting Co. v. J.T. Gibbons Inc.*, 482 U.S. 437, 442 (1987)). Section 1920 states, in full:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

11. In the District of Delaware, Rule 54 and § 1920 are supplemented by Local Rule 54.1, which provides additional guidance on taxable costs. Pursuant to Local Rule 54.1(a)(1), "[u]nless otherwise ordered by the Court, the prevailing party shall be entitled to costs." D. Del. L.R. 54.1(a)(1). Local Rule 54.1 directs prevailing parties to submit a bill of costs to the Clerk, who verifies the bill and makes any necessary adjustments. *See* D. Del. L.R. 54.1(a).

12. Together, § 1920, Federal Rule 54, and Local Rule 54.1 create a "strong presumption" that costs should be awarded to the prevailing party. *See Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010); *see also Paoli*, 221 F.3d at 462. "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *Paoli*, 221 F.3d at 468. "This is so because the denial of such costs is akin to a penalty." *Reger*, 599 F.3d at 288. "Thus, if a district court, within its discretion, denies or reduces a prevailing party's award of costs, it must articulate its reasons for doing so." *Id.*

13. A consequence of the strong presumption that the prevailing party should be awarded its costs that are shown to be within the narrow statutory categories of taxable costs is that "the assessment of costs most often is merely a clerical matter that can be done by the court clerk." *Taniguchi*, 566 U.S. at 573 (internal quotation marks omitted); *see also Paoli*, 221 F.3d at 453 (describing costs analysis as "essentially ministerial act of the clerk of court"). Nevertheless, a party disappointed with the Clerk's taxation determination may appeal it to the

District Court, which must review the Clerk's decision *de novo*. *See Reger*, 599 F.3d at 288; *Paoli*, 221 F.3d at 461; *see also* Fed. R. Civ. P. 54(d)(1) ("On motion served . . ., the court may review the clerk's action.").

14. In reviewing the Clerk's costs decision, the Court may consider such factors as: "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them." *Reger*, 599 F.3d at 288 n.3 (internal quotation marks omitted). "In contrast, however, a district court may not consider (1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be a reason not to reduce costs); (2) the complexity or closeness of the issues – in and of themselves – in the underlying litigation; or (3) the relative disparities in wealth between the parties." *Id.* (internal quotation marks omitted). In other words, that a case is "a classic close case, brought in good faith" is not an "appropriate criteri[on] in determining whether a costs award is equitable." *Paoli*, 221 F.3d at 465.

15. "[T]he losing party bears the burden of making the showing that an award is inequitable under the circumstances." *Id.* at 462-63. Notwithstanding this burden on the losing party, the Court (like the Clerk) has discretion to deny a request for taxation of costs based on a prevailing party's failure to support its request with sufficient and specific documentation. *See* 28 U.S.C. § 1924 ("Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and

5

necessarily performed."). This principle is reflected in Local Rule 54.1(a)(2), which provides, "[t]he bill of costs shall clearly describe each item of cost and comply with the provisions of 28 U.S.C. § 1924."

16. The parties agree that Defendants are the prevailing parties. It is also undisputed that Defendants filed the Bill of Costs in a timely manner. The disputes relate to the Clerk of Court's denials of portions of Defendants' Bill of Costs, resulting in reduction of Defendants' requested $162,145.41 to an award of $21,485.85. (*See* D.I. 352) The Court reviews and resolves each category of expenses below.

### A. Fees of the Court

The Clerk of Court awarded Defendants their requested **$505.00** in fees paid to the Court. (D.I. 272 at 4-5) No party has objected to this decision. The Court agrees with this award.

### B. Transcript Costs

The Clerk of Court awarded Defendants their requested **$1,482.48** for transcripts of hearings and conferences with the Court. (*Id.* at 5) No party has objected to this decision. The Court agrees with this award.

### C. Exemplification, Printing, and Copying Costs

The Clerk of Court awarded Defendants **$16,797.88** of the $19,915.74 they sought for conversion of electronic documents to the proper production format. (*Id.* at 5-6) However, "in the interests of compromise and efficiency and to avoid burden to the Court," Defendants do not seek review of this aspect of the Taxation. (*Id.* at 6) Nor does IV press any objection. The Court agrees with this award.

The Court will also grant Defendants' requested **$77,571.00** in costs related to the preparation of Defendants' technology tutorial and presentation slides for the Markman hearing.

6

(*Id.* at 6-8; D.I. 373 at 2-5; D.I. 374 at 2-3; *see also Walker Digital, LLC v. Google, Inc.*, 2016 WL 1553974, at *4-5 (D. Del. Apr. 12, 2016) (awarding costs associated with defendant's technology tutorial for reasons including it was required by Court to aid claim construction process); *Honeywell Int'l Inc. v. Nokia Corp.*, 2014 WL 2568041, at *10 (D. Del. May 30, 2014) (same), *vacated and remanded on other grounds*, 615 Fed. Appx. 688 (Fed. Cir. 2015). The Court required submission of the technology tutorial (*see* D.I. 21 at 6), and the tutorial, along with the demonstrative exhibits, "materially aided [the undersigned Judge's] understanding of the technological issues in the case." *Schering Corp. v. Amgen, Inc.*, 198 F.R.D. 422, 428 (D. Del. 2001); *see also Intellectual Ventures I LLC v. Symantec Corp.*, 2019 WL 1332356, at *4 (D. Del. Mar. 25, 2019). The Court is persuaded by Defendants' argument and evidence that they "carefully and conservatively deducted costs that could relate to unrecoverable 'intellectual effort' or other potentially non-taxable charges." (D.I. 372 at 7; *see also* D.I. 352-1 at 36-39 (showing Defendants incurred $131,043.60 in direct non-attorney costs related to preparation of tutorial and hearing demonstratives); D.I. 374 at 3)[1]

### D. Deposition Costs

Defendants requested $62,429.46 in costs for the transcripts of 21 depositions. (*See* D.I. 372 at 8) The Clerk agreed with IV that costs associated with only one deposition were recoverable and awarded just $2,515.05 in taxable deposition costs. (D.I. 371 at 3)

---

[1] Given the Stipulated Dismissal of the '359 patent, by which each side expressly agreed to bear its own costs with respect to litigation over that patent (*see* D.I. 184), there may be merit to IV's argument that Defendants should identify and deduct the portion of the tutorial and demonstratives costs attributable to the '359 patent. However, as Defendants point out, this objection is waived as it was not presented to the Clerk. (*See* D.I. 374 at 2) (citing D.I. 373 at 4; D.I. 361 at 11-12)

The Court agrees with Defendants that "transcript costs for all twenty-one depositions that Defendants identified should be taxed" and, therefore, the Court will grant Defendants' request for payment of **$35,128.32** of such costs. (D.I. 372 at 9) The Court does not agree with IV that the lack of citation by the parties and the Court to more than one of the deposition transcripts means that the transcripts were not necessary for use in the case. Defendants provided detailed, credible, and persuasive explanations for how each of the 21 deposition transcripts was necessary for and used in the case. (*See, e.g.*, D.I. 351 at 9-12; D.I. 352-1 at 41-44; D.I. 372 at 8-13; D.I. 373 at 5-13; D.I. 374 at 4-9) Just because this case ended before trial (at which some or all of the deposition transcripts may well have been used with a jury) does not mean the transcripts were not necessary within the meaning of Section 1920. *See Intellectual Ventures I, LLC*, 2019 WL 1332356, at *4 ("The Court's practical view of this litigation convinces it that the depositions for which [Defendant] now seeks to recover transcription costs were all reasonably necessary when taken."); *Walker Digital*, 2016 WL 1553974, at *4 ("Just because the Court ultimately decided this case on the basis of a summary judgment motion that did not involve the depositions to which [Defendant]'s instant motion relates, does not render the purchase of the deposition transcripts or videos unreasonable or unnecessary to an effective defense of this matter."); *Honeywell*, 2014 WL 2568041, at *8-9 (awarding deposition costs despite L.R. 54.1(b)(3) not being met).

The Court further agrees with Defendants that an additional **$10,053.90** in costs should be awarded for depositions of six additional witnesses. (D.I. 372 at 11) It is unclear whether IV objects to this portion of Defendants' requested costs. Regardless, Defendants have met their burden to show that they should recover these costs. (*See, e.g.*, D.I. 351 at 9-12)

The Court also agrees with Defendants that they should recover an additional **$12,830.61** they seek for other deposition-related costs, including production of exhibits (necessary to make the deposition transcripts useable and understandable), video charges (necessary in anticipation of use of depositions before Court and/or jury), and adding transcription as subtitles to videos (i.e., video synchronization, which is necessary for same anticipated purposes as video). (*See, e.g.*, D.I. 372 at 12-13; *see also Walker Digital*, 2016 WL 1553974 at *3-4 (awarding costs for deposition transcripts and videos)).

        E.     <u>Witness Fees</u>

The Clerk awarded Defendants **$184.94** for witness fees. (D.I. 372 at 13) The parties do not dispute this amount.

        17.     The Court has considered and rejects IV's contention that it should decline to award Defendants any more in costs than the Clerk allowed due to Defendants' alleged "repeated misconduct." (D.I. 373 at 1; *see also id.* at 13-15) While the Court referenced certain statements Defendants made throughout this case as part of its decision finding this case to be not exceptional within the meaning of 35 U.S.C. § 285 (*see* D.I. 370 at 47-52), the Court did not find misconduct and does not now find any unclean hands, bad faith, or other equitable basis to reduce the costs award the Court has found (for reasons explained above) to be warranted.

_____<br>
HONORABLE LEONARD P. STARK<br>
UNITED STATES DISTRICT JUDGE